UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CLIFFORD HARVEY, | Case No. 11-11979 |
| Plaintiff, | Nancy G. Edmunds |
| v. | United States District Judge |
| ROBERT PICKELL, *et al.*, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (Dkt. 10)**

**I.   PROCEDURAL HISTORY**

Plaintiff filed a complaint under the Americans with Disabilities Act (ADA) on May 11, 2011 against the Genesee County Sheriff, various Macomb County Circuit Court deputies, and the medical services staff at the Genesee County Jail. (Dkt. 1).  In his complaint, plaintiff alleges wrongful treatment in violation of the ADA and seeks an injunction to preclude defendants from taken further action in violation of the ADA.  Plaintiff also appears to make claims that he was retaliated against for filing grievances, and has been precluded from filing grievances.  (Dkt. 1).

On August 2, 2011, plaintiff filed a motion for an injunction against defendant, Genesee County Circuit Judge Joseph Farah, for certain conduct in

plaintiff's state court criminal trial, including the denial of an independent polygraph testing, a certified sound technician and gun expert, a forensic expert, and host of other relief all relating to an unidentified state court criminal action. (Dkt. 10). In response, Judge Farah, argues that this Court is not authorized to intervene in plaintiff's criminal proceeding under the *Younger* abstention doctrine and the Anti-Injunction Act, and that plaintiff has not established the necessary elements for an injunction to issue. (Dkt. 19).

This matter is now ready for report and recommendation. For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for an injunction be **DENIED**.

## II. ANALYSIS AND CONCLUSIONS

The availability of preliminary injunctive relief is a procedural question that is governed by federal law. *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98 (6th Cir. 1991). The Sixth Circuit has held that a court must consider four factors in deciding whether to issue a preliminary injunction:

    1.    whether the movant has established a substantial likelihood or probability of success on the merits;

    2.    whether the movant has demonstrated a threat of irreparable harm;

    3.    whether the issuance of a preliminary injunction would cause substantial harm to others; and

>    4.   whether the public interest is served by the issuance of an injunction.

*Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000), overruled on other grounds, *729, Inc. v. Kenton Co. Fiscal Court*, 515 F.3d 485 (6th Cir. 2008). "'The four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met.'" *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 230 (6th Cir. 2003), quoting *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001). A plaintiff must always, however, show irreparable harm before a preliminary injunction may issue. *Friendship Materials*, *Inc. v. Michigan Brick*, *Inc.*, 679 F.2d 100, 104 (6th Cir. 1982).

The undersigned concludes that plaintiff's motion for injunctive relief should be denied for several reasons. The first reason is that all of the allegations on which plaintiff's motions for injunctive relief are unrelated to the claim at issue in this case, the alleged ADA violations and first amendment retaliation claims. Preliminary injunctive relief is designed "to preserve the *status quo* and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Moody v. Bell*, 2009 WL 3011505, *4 (S.D. Ohio 2009), quoting, *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.1994) (*per curiam*). Thus, to prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise

to the complaint. *Moody*, at *4, citing *Omega World Travel. Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (reversing district court's granting of motion for preliminary injunctive relief because injury sought to be prevented through preliminary injunction was unrelated and contrary to injury which gave rise to complaint). In this case, plaintiff has failed to demonstrate that the relief sought is related to the injury he has allegedly sustained. *Moody*, at *4, citing *Lebron v. Armstrong*, 289 F.Supp.2d 56, 61 (D. Conn. 2003). For this reason alone, his motion should be denied.

The second reason plaintiff's motion should be denied is that the subject of his motion is an ongoing state court criminal proceeding. According to the Case Register of Actions submitted by defendant in response to the motion, plaintiff appealed his state court criminal conviction on September 22, 2011. (Dkt. 19-2, Pg ID 89). To the extent that plaintiff is asking this court to interfere with a pending criminal case, his action is barred by the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court held that a federal injunction interfering with a pending state criminal prosecution could be issued only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." 401 U.S. at 45. The Sixth Circuit directs that three factors determine whether a federal court should abstain from interfering in a state-court action: (1) whether the underlying proceedings constitute an ongoing judicial proceeding, (2)

whether the proceedings implicate an important state interest, and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge. *See Fieger v. Cox*, 524 F.3d 770, 774–75 (6th Cir. 2008). Plaintiff's claims are the subject of a direct criminal appeal in state court, which plainly implicates an important state interest. Given that his claims are currently the subject of a pending direct criminal appeal, he has an adequate opportunity to raise these issues in that appeal. For these reasons, the Court should abstain from any interference with the pending state court criminal appeal.

In the view of the undersigned, the remaining arguments raised by defendant, including immunity, are best left addressed in the context of the pending motion to dismiss, to which plaintiff has not yet had an opportunity to respond. (Dkt. 20).

### III.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for an injunction be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 4, 2011                    s/Michael Hluchaniuk
                                          Michael Hluchaniuk
                                          United States Magistrate Judge

**CERTIFICATE OF SERVICE**

      I certify that on November 4, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: H. William Reising, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Clifford Harvey, #195510, CHARLES EGELER RECEPTION AND GUIDANCE CENTER ANNEX, 3855 Cooper Street, Jackson, MI 49201.

                                                s/Tammy Hallwood
                                                Case Manager
                                                (810) 341-7887
                                                tammy_hallwood@mied.uscourts.gov