UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFFORD HARVEY,                                    Case No. 11-11979

             Plaintiff,                          Nancy G. Edmunds
v.                                                  United States District Judge

ROBERT PICKELL, *et al.*,                           Michael Hluchaniuk
                                                    United States Magistrate Judge

             Defendants.
_____/

**REPORT AND RECOMMENDATION**
**MOTION TO DISMISS (Dkt. 20)**

## I.   PROCEDURAL HISTORY

Plaintiff filed this prisoner civil rights/American with Disabilities Act claim
on May 5, 2011.  (Dkt. 1).  Plaintiff applied to proceed *in forma pauperis* and his
application was granted.  (Dkt. 2, 8).  This matter was referred to the undersigned
for all pretrial proceedings on August 5, 2011.  (Dkt. 11).  On November 3, 2011,
defendants filed a motion to dismiss based on, among other things, the three
strikes rule, contending that plaintiff has had three prior matters dismissed as
frivolous or for failure to state a claim.  (Dkt. 20).  The Court ordered plaintiff to
respond to defendants' motion to dismiss by December 19, 2011.  (Dkt. 23).  The
Court then extended plaintiff's time to respond until February 6, 2012.  (Dkt. 27).
Instead of filing a response to the motion to dismiss, plaintiff filed a "petition" to

amend his pleadings in this case and apparently another case.  (Dkt. 28).  Nothing

in that petition, however, appears to address the three strikes issue raised by

defendants.  The vast majority of plaintiff's filing is related to his habeas petition

and recounts all of the alleged errors that occurred during his criminal trial.

Virtually nothing in this petition relates to his claims under the ADA.

Nonetheless, plaintiff has had multiple opportunities to address the three strikes

issue raised by defendants and has failed to do, despite the warning in the

November 4, 2011 Order that a failure to file a response could result in sanctions,

including awarding all or part of the relief sought by the moving party.  (Dkt. 23,

Pg ID 176).  Since the record is quite clear that plaintiff has had three previous

strikes, as explained below, the undersigned concludes that dismissal on this basis

is appropriate.

For the reasons set forth below, the undersigned **RECOMMENDS** that

defendants' motion to dismiss be **GRANTED** and that plaintiff's complaint be

**DISMISSED** without prejudice for failure to pay the filing fee in full.

## II.    ANALYSIS AND CONCLUSION

In the view of the undersigned, this matter should be dismissed pursuant to

28 U.S.C. § 1915(g), which provides in pertinent part:

> In no event shall a prisoner bring a civil action or appeal
> a judgment in a civil action or proceeding under this
> section if the prisoner has, on 3 or more prior occasions,

> while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was
> dismissed on the grounds that it is **frivolous, malicious,
> or fails to state a claim upon which relief may be
> granted**, unless the prisoner is under imminent danger of
> serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).[1]  Dismissal is proper "under the provisions

of 28 U.S.C. § 1915(g) of the . . . [PLRA], which precludes the filing of in forma

pauperis (IFP) civil actions by a prisoner who has had similar petitions dismissed

as frivolous on three or more prior occasions." *Wilson v. Yaklich*, 148 F.3d 596,

599 (6th Cir. 1998); *see also*, *Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir. 2007)

(Noting that a dismissal for failure to state a claim under Rule 12(b)(6) counts as a

strike).  The plain language of the statute indicates that a prisoner is barred from

*bringing* an action with pauper status if he *previously* had three or more actions

---

[1] There is no allegation that plaintiff is under imminent danger of serious physical injury, therefore, that exception to the three "strikes" rule does not apply in these circumstances.  To establish that his complaint falls within the statutory exception to the "three strikes rule," plaintiff had to allege that he was under imminent danger at the time that he filed his complaint and requested to proceed in forma pauperis.  *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (past body cavity searches failed to establish imminent danger of serious physical injury); *Luedtke v. Bertrand*, 32 F.Supp.2d 1074, 1077 (E.D. Wis. 1999) (allegation of past physical injury is insufficient to meet statutory exception).  In his complaint, while plaintiff seeks injunctive relief requiring defendants to not violate his rights in the future, there does not appear to be any allegations of any imminent danger of serious physical injury.

dismissed on the grounds stated in § 1915(g).

Defendant identifies three prior actions brought by plaintiff in this District that were dismissed as either frivolous or for failure to state a claim: *Harvey v. Freeman*, 95-71809; *Harvey v. Flint Police Dep't*, 95-72336; *Harvey v. Wilson*, 95-75986.  In Case No. 95-71809, Judge Rosen dismissed the action as frivolous. *See* Case No. 96-71809, Dkt. 6.  In Case No. 95-72336, Judge Gilmore dismissed the case as frivolous.  *See* Case No. 95-72336, Dkt. 4.  And, in Case No. 95-75986, the case was initially dismissed in part as frivolous as part of the initial review process, and ultimately, Judge Rosen dismissed the remaining claims, adopting the magistrate judge's reports and recommendations to grant the remaining defendants' motions to dismiss.  *See* Case No. 95-75986, Dkt. 3, 16, 29, 31.[2]  Thus, defendants have established that plaintiff has three previous strikes and

---

[2] Judge Rosen's October 30, 2007 Order adopts the magistrate judge's two reports and recommendations (Case No. 95-75986, Dkt. 16 and 29) to grant the motions to dismiss/for summary judgment.  (Case No. 95-75986, Dkt. 31).  The September 15, 1997 Report and Recommendation actually recommended dismissal for failure to state a claim, not summary judgment.  (Case No. 95-75986, Dkt. 29). The May 22, 1997 Report and Recommendation was not, however, attached to defendants' motion.  The undersigned was concerned that this might not be considered a "strike" because "summary judgment" was indicated in Judge Rosen's Order.  On review of the May 22, 1997 Report and Recommendation, which was fully adopted by Judge Rosen, it is clear that the magistrate judge recommended dismissal based on the failure to state a claim and, in the alternative, recommended granting summary judgment.  (Case No. 95-75986, Dkt. 16).  In the view of the undersigned, all of the claims in Case No. 95-75986 were disposed of because they were deemed frivolous or failed to state a claim.  Thus, this case is,

may not proceed *in forma pauperis* in this case.  Based on the foregoing,

plaintiff's complaint should be dismissed.

## III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that

defendants' motion to dismiss be **GRANTED** and that plaintiff's complaint be

**DISMISSED** without prejudice for failure to pay the filing fee in full.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and

Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health

and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of

Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

_____

in fact, a strike.

etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 14, 2012                          s/Michael Hluchaniuk
                                             Michael Hluchaniuk
                                             United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on June 14, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: H. William Reising, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Clifford Harvey, #195510, CHIPPEWA CORRECTIONAL FACILITY, 4269 W M-80, Kincheloe, MI, 49784.

                                             s/Tammy Hallwood
                                             Case Manager
                                             (810) 341-7887
                                             tammy_hallwood@mied.uscourts.gov