UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFFORD HARVEY,                                  Case No. 11-11979

       Plaintiff,                                 Nancy G. Edmunds
v.                                                United States District Judge

ROBERT PICKELL, *et al.*,                         Michael Hluchaniuk
                                                  United States Magistrate Judge
       Defendants.
_____/

**REPORT AND RECOMMENDATION
MOTIONS FOR RELIEF FROM JUDGMENT (Dkt. 38, 42, 48)**

**I.     Procedural History**

Plaintiff filed this prisoner civil rights/American with Disabilities Act claim on May 5, 2011. (Dkt. 1). Plaintiff applied to proceed *in forma pauperis* and his application was granted on July 18, 2011. (Dkt. 2, 8). This matter was referred to the undersigned for all pretrial proceedings on August 5, 2011. (Dkt. 11). On November 3, 2011, defendants filed a motion to dismiss based on, among other things, the three strikes rule, contending that plaintiff has had three prior matters dismissed as frivolous or for failure to state a claim. (Dkt. 20). In support of their Motion, defendants attached as exhibits documents and docket sheets from prior civil cases involving plaintiff. (Dkt. 20-2, 3, 4, 5, 8). The Court ordered plaintiff to respond to defendants' motion to dismiss by December 19, 2011. (Dkt. 23). The Court then extended plaintiff's time to respond until February 6, 2012. (Dkt.

1

27). Instead of filing a response to the motion to dismiss, plaintiff filed a "petition" to amend his pleadings in this case and apparently another case. (Dkt. 28). Nothing in that petition, however, appeared to address the "three strikes issue" raised by defendants. Accordingly, the undersigned recommended that the case be dismissed without prejudice under the "three strikes" rule. (Dkt. 30).

Plaintiff subsequently filed a "response" to defendants' motion to dismiss and an Objection to the Report and Recommendation. (Dkt. 32, 33). On August 1, 2012, after a *de novo* review, the Court entered an Order adopting the Report and Recommendation and granted defendants' Motion for Dismissal. (Dkt. 36). A judgment dismissing the action without prejudice was also entered on August 1, 2012. (Dkt. 37).

Plaintiff filed a motion to amend/alter the judgment on September 4, 2012. (Dkt. 38). District Judge Nancy G. Edmunds referred that motion to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on September 17, 2012. (Dkt. 39). Defendants filed a response to plaintiff's motion on October 5, 2012. (Dkt. 41). On November 9, 2012, plaintiff filed a Motion to Strike defendants' responses and exhibits, seeking mandamus relief. (Dkt. 42). Defendants filed a response to that motion on November 16, 2012, (Dkt. 43), and the motion was referred to the undersigned for report and recommendation on February 5, 2013. (Dkt. 45). Finally, plaintiff filed a Motion for Leave to File

2

an Amended or Supplemental [sic] Complaint on March 26, 2013. (Dkt. 48). The District Judge referred that motion to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on March 29, 2013. (Dkt. 50). Defendants filed a response to plaintiff's motion on April 4, 2013. (Dkt. 51). These matters are now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motions (Dkt. 38, 42 and 48) be **DENIED**.

II. **Analysis and Conclusion**

    A. **Motion to Alter/Amend or for Relief from Judgment (Fed. R. Civ. P. 59(e), 60) (Dkt. 38)**

Plaintiff is seeking alteration, amendment, or relief from the Judgment entered by the Court on August 1, 2012, dismissing his case without prejudice based upon a finding that plaintiff was barred from proceeding *in forma pauperis* as a result of the "three strikes" rule of 28 U.S.C. § 1915(g). 28 U.S.C. § 1915(g) provides in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is **frivolous, malicious, or fails to state a claim upon which relief may be granted**, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). Plaintiff seeks relief from the Judgment

3

pursuant to Rules 59(e) and 60 of the Federal Rules of Civil Procedure.

### 1. Rule 59(e) motion

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). "Such motions, however, 'are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented.'" *Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997) (citation omitted), *aff'd* 194 F.3d 1339 (Fed. Cir. 1999) (Table).[1]

---

[1] A motion to alter or amend a judgment under Rule 59(e) must be brought within 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). This time limit is mandatory. Fed. R. Civ. P. 6(b) (prohibiting any extension of time under Rule 59(e)). Here, the Court entered judgment dismissing plaintiff's complaint without prejudice on August 1, 2012. Plaintiff filed his Rule 59(e) motion 34 days later, on September 4, 2012. The undersigned notes, however, that even though plaintiff filed his motion more than 28 days after entry of the judgment, under the "prison mail box rule," this motion is considered timely. The "prison mail box rule" dictates that a motion is considered to be filed in federal court on the day the prisoner places the motion in the prison mail system for delivery to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Plaintiff signed the motion on August 28, 2012, within the 28 day time limit set forth in Rule 59(e). Giving plaintiff the benefit of the doubt, the undersigned will presume that the document was given to prison authorities for mailing on the same day it was signed by plaintiff, and thus plaintiff's motion will be considered timely. *See id.*

4

"Rule 59(e) allows for reconsideration; it does not permit parties to effectively reargue a case." *Howard v. U.S.*, 533 F.3d 472, 475 (6th Cir. 2009) (citation omitted). Plaintiff here has not met his burden to demonstrate that there has been a mistake of law or fact in the Court's analysis of plaintiff's complaint and its application of the "three strikes" rule. In fact, Plaintiff does not challenge the Court's decision here, but instead seeks to repeat arguments already considered by the Court or make new allegations regarding the state court proceedings that were not included in his complaint. "A motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication, shall be denied." *Savage v. U.S.*, 102 Fed. Appx. 20, 23 (6th Cir. 2004). Further, to the extent plaintiff marshals arguments or authorities which were available during briefing on the motion to dismiss, a motion for reconsideration is again not a proper vehicle. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d. 367, 374 (6th Cir. 1998) (parties may not raise arguments in a Rule 59(e) motion that could, and should, have been made before the judgment issued). Finally, if plaintiff wishes to challenge his underlying conviction in the state court, he must file a new action in the proper venue, naming the responsible individuals at that institution. Therefore, plaintiff's motion to alter or amend the judgment pursuant to Rule 59(e) should be **DENIED**.

    2.    **Rule 60 Motion**

Plaintiff also moved for relief from judgment pursuant to Fed. R. Civ. P. 60. Unlike Rule 59(e), Rule 60(b) contains no specific time limitation on filing, requiring only that a motion be made "within a reasonable time," and that motions under subsections (1), (2) and (3) be made no more than one year after entry of judgment. Fed. R. Civ. P. 60(c)(1). However, "[t]he standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion." *Curry v. City of Mansfield*, 2012 WL 3025177, at *1 (N.D. Ohio July 24, 2012). The Sixth Circuit has explained that Rule 60(b) permits a district court to grant a motion for relief from the judgment only for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

*Johnson v. Unknown Dellatifa*, 357 F.3d 539, 542-43 (6th Cir. 2004) (citing Fed. R. Civ. P. 60(b)). A Rule 60(b)(6) motion for relief from judgment applies only in "exceptional or extraordinary circumstances," *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001), typically requiring that a party is "faultless" in the delay. *Pioneer Inv. Serv. Co. v.*

*Brunswick Assoc. Ltd P'ship*, 507 U.S. 380, 393 (1993); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist). Moreover, Rule 60(b), like Rule 59(e), does not permit parties to relitigate the merits of claims, or to raise new claims that could have been raised during the litigation of the case or in the initial complaint. *See Walker v. WBKO Television*, 28 Fed. Appx. 472, 474 (6th Cir. 2002); *see also McNeil v. United States*, 113 Fed. Appx. 95, 97-98 (6th Cir. 2004) ("A Rule 60(b) motion may be denied if it's merely an attempt to relitigate previously decided issues.") (citation omitted).

Plaintiff fails to identify the specific grounds for which he is seeking relief under Fed. R. Civ. P. 60. He instead offers many of the same arguments he did before in his objections to the undersigned's Report and Recommendation as to the propriety of the underlying state court convictions and the papers filed with the state court. Those arguments have been considered by the Court before rendering its Judgment and plaintiff is not entitled to relitigate those issues. "A Rule 60(b) motion must be denied if, as here, it is merely an attempt to relitigate the case." *Tyson v. Stapleton*, 101 Fed. Appx. 624, 625 (6th Cir. 2004). And, "[a] Rule 60(b) motion for relief from judgment is not an appropriate vehicle for a state prisoner to attempt to have his criminal conviction set aside." *Cottenham v. State of Michigan*,

7

2010 WL 1254554, at *2 (W.D. Mich. Mar. 29, 2005) (citing *United States v. Pope*, 124 Fed. Appx. 680, 682 (2d Cir. 2005) (noting that "[a]lthough a Rule 60(b) motion may be used 'to set aside a habeas denial' in certain limited circumstances, such a motion 'does not itself seek habeas relief'")).

Further, plaintiff's arguments have little or nothing to do with either the "three strikes" rule of 28 U.S.C. § 1915(g)–the basis of the dismissal of this action–or with the ADA–the basis of plaintiff's complaint. To the extent plaintiff argues that the undersigned was "constitutionally required to act upon [plaintiff's] action independant [sic] of 28 U.S.C. § 1915(g)," (Dkt. 38, Pg ID 400), that contention is without merit. As defendants correctly argue, there is no constitutional right to file a civil action without paying the filing fee. To the contrary, federal law mandates that prisoners pay the filing fees associated with such action. 28 U.S.C. § 1915(b)(1) ("if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee"). The constitutionality of this provision has been repeatedly upheld by the Sixth Circuit. *See Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) ("Panels of this Court have repeatedly reaffirmed this holding [that § 1915(g) is constitutional] and rejected attempts by prisoners to re-argue the issue or to have this Court reconsider *Wilson [v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998) (declaring § 1915(g) constitutional)]."). As the *Pointer* court explained, "[n]o

8

Supreme Court decision mandates modification of *Wilson*," and "[t]his Court has repeatedly rejected any invitation to reconsider *Wilson*," and thus the Court rejected the constitutional challenge to § 1915(g). *Id.*[2]

Finally, plaintiff's arguments that the Court should vacate its judgment because he claims that defendant Sheriff Robert Pickell failed to make payments from plaintiff's trust fund to the court pursuant to Magistrate Judge Whalen's July 19, 2011 IFP Order, and because defendant Pickell did not forward a copy of the IFP Order to the Michigan Department of Corrections, are without merit. The IFP Order was directed to "the agency having custody of plaintiff," not to defendants here, and accordingly, defendants bore no responsibility to ensure that payments of the filing fees were withdrawn from plaintiff's trust fund account and forwarded to the Court. In fact, as defendants correctly note, this order was entered before defendants were even involved in this action, and there is no evidence that the order was served on the defendants. (See Dkt. 8, 13, 14). And, in any event, the IFP Order was essentially vacated and rendered null and void when the Court entered its subsequent judgment that plaintiff was subject to the "three strikes"

---

[2]Further, as Defendants point out, the constitutionality of this provision has also been upheld numerous times by other circuits. *See, e.g., Shabazz v. Parsons*, 127 F.3d 1246, 1248-49 (10th Cir. 1997); *Norton v. Dimazana*, 122 F.3d 286, 289-91 (5th Cir. 1997); *Nicholas v. Tucker*, 114 F.3d 17, 21 (2d Cir. 1997); *Roller v. Gunn*, 107 F.3d 227, 231-33 (4th Cir. 1997); *Tucker v. Branker*, 142 F.3d 1294, 1297 (D.C. Cir. 1998).

provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), which provides that a prisoner is not entitled to proceed IFP if he has on three or more occasions brought an action or appeal that was dismissed as frivolous, malicious or not stating a claim, unless he is under "imminent danger of serious physical injury." *See Saia v. Williams*, 2011 WL 3962269, at *1-2 (D. Conn. Mar. 31, 2011) (vacating IP order because plaintiff is subject to the three strikes provision of 28 U.S.C. § 1915(g), and the imminent danger exception to that rule is not applicable). Plaintiff does not dispute in his motion that he filed three prior cases that were dismissed as frivolous or for failure to state a claim, or that he has not demonstrated that he was in imminent danger of serious physical harm at the time he filed his complaint, and as a consequence, he is barred from proceeding *in forma pauperis* in this action. Therefore, the Court's August 1, 2012 Order dismissing the case without prejudice essentially revoked the IFP Order.

Accordingly, plaintiff has failed to demonstrate any legal or factual error in the Court's analysis and Judgment, and plaintiff's motion to alter or amend or seek relief from the judgment of the Court should be **DENIED**.

### B. Motion to Strike/Mandamus Relief (Dkt. 42)

On November 9, 2012, plaintiff filed a "motion to strike," seeking mandamus relief to prevent consideration of or any reference to his detention or status as a prisoner by the undersigned, because he argues that his underlying

conviction violated due process. The motion also seeks to strike defendants' exhibits and responses "citing to the undocketed state papers (Complaint, warrant, bind-over)" for the purpose of dismissing plaintiff's civil action, seeks an order requiring defendants to pay his litigation costs and attorney fees, appointing an investigator, and settling this matter for trial, and requested a Writ of Habeas Corpus. This motion was filed by plaintiff after the entry of Judgment in this case on August 1, 2012. This motion should be denied for the following reasons.

First, a motion to strike pursuant to Rule 12(f) is not a proper motion attacking the judgment here. "Typically, Federal Rule of Civil Procedure 60 is a litigant's only avenue for altering a final judgment." *Maloof v. Level Propane, Inc.*, 429 Fed. Appx. 462, 467 (6th Cir. 2011). The Court's dismissal of plaintiff's action here was based on the dismissal of three prior *federal* civil lawsuits, not on anything that happened with respect to plaintiff's state court criminal trial. Accordingly, the state court documents were not relied upon by defendant with respect to dismissal of this action pursuant to § 1915(g), and plaintiff's motion to strike should be denied. Further, plaintiff's motion to strike is not proper for another reason. A motion to strike asks the court to remove "from *any pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). The federal rules designate as "pleadings" only those filings as set forth in Fed. R. Civ. P. 7(a): a complaint, an

answer, a reply to a counterclaim, an answer to a cross-claim, a third–party complaint, a third-party answer, and a reply to an answer or third-party answer if ordered by the court. *Harrison v. Clemente*, 93 F. Supp.2d 856, 857 (N.D. Ohio 2000). Plaintiff here seeks to strike defendants' response briefs and exhibits, which are not pleadings under Rule 7(a), and accordingly, a motion to strike is not the proper avenue for challenging briefs or memoranda in support of or in opposition to a motion, or exhibits attached to a brief. *See id.*; *see also Groden v. Allen*, 2009 WL 1437834, at *3 (N.D. Tex. May 22, 2009) (Rule 12(f) "does not permit the Court to strike motions or matters within them because the rule only applies to pleadings").

The undersigned will construe plaintiff's motion liberally as a second Rule 60(b) motion seeking relief from judgment. As explained above, under Rule 60(b), a party seeking relief from judgment must show the applicability of the rule. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). However, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories or proof." *Id.* As with his prior Rule 60 motion, plaintiff does not dispute in his motion that he filed three prior cases that were dismissed as frivolous or for failure to state a claim, or that he has not demonstrated that he was in imminent danger of serious physical harm at the time he filed his complaint, and thus does not attack the Court's

Judgment in this case. Accordingly, plaintiff's motion should be denied.

Plaintiff's claim for mandamus relief also fails. The federal mandamus statute, 28 U.S.C. § 1361, confers jurisdiction on the federal court to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought." *Gresham v. Correctional Med. Servs., Inc.*, 650 F.3d 628, 630 (6th Cir. 2011) (internal quotation marks and citation omitted). Mandamus relief "is usually reserved for 'questions of unusual importance necessary to the economical and efficient administration of justice,' or 'important issues of first impression.'" *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 471 (6th Cir. 2006). "Thus, only exceptional circumstances amounting to a judicial usurpation of power, or a clear abuse of discretion, will justify the invocation of this extraordinary remedy." *In re McNulty*, 597 F.3d 344, 349 (6th Cir. 2010) (internal quotation marks and citation omitted). "And, because mandamus is a discretionary remedy, a Court may decline to issue the writ if it finds that it would not be 'appropriate under the circumstances' even if the petitioner has shown that he is 'clear[ly] and indisputabl[y]' entitled to it." *Id.* Importantly, "Plaintiff may not use[] mandamus . . . to avoid the requirements for seeking appellate review of the judgments entered . . . or as a substitute for pursuing the limited remedy

13

available under Rule 60(b) for seeking relief from a judgment." *Adkins v. Crow*, 2011 WL 1335833, at *1 (D. Kan. Apr. 6, 2011) (noting also that the Circuit Court would be the appropriate court for seeking mandamus relief to compel action in a district court case), *aff'd*, 432 Fed. Appx. 748 (10th Cir. 2011), *cert. denied*, 132 S. Ct. 592 (2011).

Plaintiff seeks mandamus relief to prohibit the undersigned's consideration of or reference to plaintiff's prisoner status. Plaintiff's claim that he should not be referred to as a "prisoner" for purposes of the three strikes rule is meritless. As defendants aptly state, it is plaintiff's prisoner status that renders § 1915 applicable to this action, and the Court committed no error by referring to plaintiff's prisoner status in rendering its decision that plaintiff's complaint be dismissed pursuant to the "three strikes" rule of § 1915.[3] In addition, to the extent plaintiff is challenging his sentencing or incarceration by the State of Michigan, it is well-settled that federal courts have no authority to issue writs of mandamus to direct state officials to conform their conduct to state law. *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). "Plaintiff's challenge to the fact or duration of his confinement pursuant to

---

[3]"Prisoner" is defined as "any person incarcerated or detained in any facility who is accused of . . . violations of criminal law[.]" 28 U.S.C. § 1915(h). As defendants' correctly note, even disregarding plaintiff's conviction, plaintiff is clearly a "prisoner" pursuant to this definition, as he has been incarcerated and has been accused of violations of criminal law.

14

the judgment of a state court only can be brought as a petition for writ of habeas corpus relief under 28 U.S.C. § 2254." *Smith v. City of Detroit*, 2012 WL 1999628, at *1 (W.D. Mich. June 4, 2012) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Plaintiff sought no such relief in his complaint here. Should plaintiff seek such relief, he will have to file a habeas petition as a new complaint, and pay the filing fee in full.

Nothing in plaintiff's motion relates to his claims under the ADA or the court's ruling dismissing plaintiff's complaint without prejudice pursuant to the "three strikes" rule. To the extent plaintiff is arguing for relief from judgment because of "fraud on the court" based on the claimed "undocketed state papers," that claim fails. Plaintiff made these same allegations to the Court previously in his objections to the undersigned's Report and Recommendation. (Dkt. 33). The Court, after *de novo* review, adopted that Report and Recommendation and dismissed this matter without prejudice. (Dkt. 36). "Rule 60(b)(3) is not an appropriate vehicle to allege fraud that could have been asserted before the entry of final judgment." *Smith v. Siarnicki*, 397 Fed. Appx. 250, 252 (7th Cir. 2010) (citations omitted). Moreover, "[f]raud on the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury." *Thomas v. Parker*, 609 F.3d 1114, 1120 (10th Cir. 2010). *cert. denied*, 131 S. Ct. 1691 (2011).

> Generally speaking, only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.

*Id.* (citation omitted) (finding plaintiff's allegations insufficient to establish fraud on the court because, at most, they show the nondisclosure of evidence or the alteration of evidence by a party, with no showing of attorney involvement). Plaintiff has not alleged any conduct sufficient to sustain a claim of fraud on the court.

Plaintiff's remaining claims for relief are similarly unavailable under Rule 60. Plaintiff seeks payment of his filing fees and attorney fees by defendants, appointment of an investigator, a trial setting, and habeas relief. Plaintiff has not demonstrated any right to the relief he seeks. Federal law mandates that prisoners who file *in forma pauperis* pay the filing fees associated with their civil actions, and does not provide for attorney fees when the plaintiff is, as here, unrepresented. *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991) ("The Circuits are in agreement . . . on the proposition that a pro se litigant who is not a lawyer is not entitled to attorney's fees.") (emphasis omitted). Further, plaintiff did not seek habeas relief in his complaint filed with the Court, and he is not entitled to that relief. Nor is plaintiff entitled to a trial setting, as this case has been dismissed. Consequently, the

undersigned finds that plaintiff is not entitled to the "other relief" he seeks in his "Motion to Strike" and his motion should be **DENIED** in its entirety.

### C. Motion to Amend/Correct Complaint (Dkt. 48)

Plaintiff seeks the Court's acceptance of his previously filed (without leave) Writ application, and seeks leave to amend/supplement his complaint to include additional claims against defendants, claims against the Michigan Department of Corrections, and for appointment of counsel (although plaintiff did not attach a proposed amended complaint to his motion). Plaintiff's March 26, 2013 Motion for leave to file an amended or supplemental complaint should be denied given dismissal of plaintiff's complaint on August 1, 2012. Rule 15(a), by its plain language, governs amendment of pleadings *before* judgment is entered; it has no application *after* judgment is entered. *See Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). Final judgment was entered in this case on August 1, 2012, and therefore, plaintiff is unable to seek relief under Rule 15(a). *Id.*

Further, the Sixth Circuit has "held that the district courts are not to permit plaintiffs to amend a complaint to avoid dismissal" under the Prison Litigation Reform Act, and thus plaintiff's argument that the court should have granted him leave to amend the complaint is without merit for this reason as well. *Cantley v. Armstrong*, 391 Fed. Appx. 505, 507 (6th Cir. 2010) (citing *Benson v. O'Brian*,

17

179 F.3d 1014, 1016 (6th Cir. 1999)); *see also McGore v. Lutz*, 2009 WL 2959874, at *1 (E.D. Mich. Sept. 11, 2009) ("Plaintiff's request to amend his civil rights complaint to cure a defect in his initial pleadings must be denied given the Court's dismissal of his complaint" pursuant to the "three strikes" rule of 29 U.S.C. § 1915(g) (citing *Wilson v. Reynolds*, 172 F.3d 874, at *1 (6th Cir. 1998) (Table) (district court did not err in dismissing the prisoner plaintiff's complaint without allowing him to amend because "[e]ven if [he] had corrected any deficiencies in his complaint, the district court would still have been required to dismiss the action under § 1915(g) because of his prior frivolous suits")). Accordingly, plaintiff's motion for leave to amend or correct his complaint should be **DENIED**.

Based on the foregoing, plaintiff's three motions (Dkt. 38, 42 and 48) should be **DENIED**.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motions (Dkts. 38, 42, 48) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 12, 2013               s/Michael Hluchaniuk
                                   Michael Hluchaniuk
                                   United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

     I certify that on April 12, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>H. William Reising</u>, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): <u>Clifford Harvey, #195510, PUGSLEY CORRECTIONAL FACILITY, 7401 East Walton Road, Kingsley, MI 49649</u>.

                                            <u>s/Tammy Hallwood</u>
                                            Case Manager
                                            (810) 341-7887
                                            tammy_hallwood@mied.uscourts.gov