UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Clifford Harvey, #195510,

    Plaintiff,

Case No. 11-11979

Honorable Nancy G. Edmunds

v.

Robert Pickell, et al.,

    Defendants.
                                /

### ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S APRIL 12, 2013 REPORT AND RECOMMENDATION [53] AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE WRIT OF HABEAS CORPUS [56]

    Before the Court is the magistrate judge's April 12, 2013 report and recommendation. (Dkt. 53.) The magistrate judge recommended denying Plaintiff Clifford Harvey's motion to amend/correct (dkt. 38,), motion to strike (dkt. 42), and motion to amend/correct (dkt. 48). Plaintiff filed objections to the report and recommendation. (Dkt. 54.) Defendants responded to the objections. (Dkt. 55.) Plaintiff has also filed a motion for leave to supplement the writ of habeas corpus. (Dkt. 56.)

    The Court has reviewed the objects de novo. Plaintiff again has failed to address the issue that the three strikes rule prohibits his claim in federal court in his objections. With his motion for leave to supplement the writ of habeas corpus, he seeks to add the claim of unlawful detention. (Dkt. 56.)

    In his objections, Plaintiff states that he "remains" in imminent danger as a result of his not receiving medication for his hepatitis and not receiving proper shoes for his

deformed feet. (Pl.'s Objections at 9.) He also states that he is not receiving his breathing treatments and suffers from allergies. (*Id.*) He also alleges that he is subject to a risk of permanent severe injury, extreme pain, discomfort, and faces possible death from his liver disease, lung disorder, and MDOC's failure to treat him. (*Id.*)

On August 1, 2012, the Court adopted the magistrate judge's report and recommendation in full and dismissed Plaintiff's case without prejudice for his failure to pay the filing fee, in accordance with the three strikes rule. (Dkt. 36.)

Plaintiff now appears to be alleging that he is in imminent danger of injury, an end-run around the three strikes rule. "A plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is 'under imminent danger of serious physical injury.'" *Gresham v. Johnson*, 13-10351, 2013 WL 1703897, at *1 (E.D.Mich. Apr. 19, 2013) (Cleland, J.) (quoting 28 U.S.C. § 1915(g)). "To establish that his complaint falls within the statutory exception to the three-strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed *in forma pauperis*." *Id*. (citation omitted).

Here, Plaintiff did not and has not established that he was in imminent danger at the time of the complaint, as the magistrate judge and the Court has previously noted. The Court dismissed Plaintiff's complaint without prejudice. The Court is not diminishing the seriousness of his allegations. But Plaintiff's recourse is to file another complaint, not seek the Court's assistance in reopening this case. Plaintiff must either demonstrate that he is under imminent injury at the time of his complaint and otherwise comply with 28 U.S.C. § 1915(g) or pay the filing fee.

2

With his motion to supplement his writ of habeas corpus, Plaintiff seeks to add claims against Defendant. The Court has reviewed the motion. Plaintiff again has chosen an improper method. Plaintiff cannot amend a claim when a case in this Court no longer exists. Plaintiff has no further recourse in this case from this Court.

Being fully advised in the premises, having read the pleadings, and for the reasons set forth above, the Court ACCEPTS and ADOPTS the magistrate judge's April 12, 2013 report and recommendation and DENIES Plaintiff's motions to amend/correct and motion to strike. (Dkt. 53, 38, 42, 48.) The Court also DENIES Plaintiff's motion for leave to supplement the writ of habeas corpus. (Dkt. 56.)

So ordered.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: June 12, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 12, 2013, by electronic and/or ordinary mail.

s/Johnetta M. Curry-Williams
Case Manager
Acting in the Absence of Carol Hemeyer

3